**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                     :
LUIS COLUMBIE,                       :
                                     :
            Plaintiff,               :        Civil No. 11-6168 (JAP)
                                     :
        v.                           :
                                     :
CMS, et al.,                         :        **OPINION**
                                   :
            Defendants.   :
_____     :

**APPEARANCES:**

**LUIS COLUMBIE**, Plaintiff pro se
#73604/985294A
168 Frontage Road
Newark, N.J. 07114

**PISANO**, District Judge

    Plaintiff Luis Columbie ("Plaintiff") seeks to bring this
action in forma pauperis.  Based on his affidavit of indigence,
the Court will grant Plaintiff's application to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of
the Court to file the complaint.[1]

    At this time, the Court must review the complaint, pursuant
to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it
should be dismissed as frivolous or malicious, for failure to

---

[1] Plaintiff initially failed to submit a complete in forma pauperis
application with his complaint and this Court denied his application and
administratively terminated this action.  (See Docket Entry No. 2.)
Thereafter, Plaintiff submitted a complete in forma pauperis application.
(Docket Entry No. 4.)  As such, this Court will re-open the case to review the
complaint.

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.  Plaintiff's request for pro bono counsel will be dismissed as moot.

## I. BACKGROUND

Plaintiff, incarcerated at Northern State Prison in Newark, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Correctional Medical Services ("CMS"); the Department of Corrections; St. Francis Medical Center (improperly named as "St. Francis Medical Hospital"); John Does 1-20; and Jane Does 1-20. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On March 23, 2009, Plaintiff was transported to Saint Francis Medical Center by the Department of Corrections, where the doctors removed his thyroid.  After one year, Plaintiff's voice had not returned.  Plaintiff was seen by another doctor, who determined that Plaintiff's vocal chords were paralyzed. Plaintiff was then taken to University Hospital in Newark, New Jersey where doctors also concluded that his vocal chords were paralyzed.  Plaintiff alleges that it is hard for him to talk and

2

swallow.

Plaintiff alleges that his Eighth Amendment rights have been violated.  He is requesting that his medication and therapy be covered for the duration of his life, "along with some way to get [his] voice back."  He also seeks $5 million in punitive and compensatory damages.

## II.  DISCUSSION

## A. Legal Standard

## 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)

3

(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S.Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen

4

Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1.  Department of Corrections**

Case 3:11-cv-06168-JAP-LHG   Document 5   Filed 04/09/12   Page 6 of 11 PageID: 36

Plaintiff names the Department of Corrections ("DOC") as a defendant. However, the DOC must be dismissed from this action pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

6

Additionally, the DOC must be dismissed from this lawsuit because it is not a "persons" subject to liability under § 1983. <u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a person under § 1983).  Therefore, all claims against the DOC will be dismissed with prejudice.

## 2. "Doe" Defendants

Though he names John Does 1-20 and Jane Does 1-20 in the caption, Plaintiff fails to make any factual allegations against these defendants in the body of the complaint.  As such, these defendants will be dismissed without prejudice.

## 3. CMS

Plaintiff has failed to allege any claims against CMS.  The only facts contained in the complaint relate to a surgery performed at St. Francis Medical Center and a doctor at University Hospital in Newark.  Therefore, Defendant CMS will be dismissed without prejudice.

## 4. St. Francis Medical Center

The allegations in the Complaint suggest that Plaintiff is asserting an Eighth Amendment denial of medical care claim against St. Francis Medical Center; however, Plaintiff has alleged no facts suggesting that St. Francis Medical Center could be considered a 'state actor'.  At best, it appears that Plaintiff is asserting a state law medical malpractice, or

7

medical negligence claim against St. Francis.  Such a claim is not cognizable in a § 1983 action.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Afdahl v. Cancellieri, 2012 WL 593275 (3d Cir. February 24, 2012).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary

8

and wanton infliction of pain" or "a life-long handicap or
permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d
Cir. 2003) (internal quotations and citations omitted).

The second element of the Estelle test requires an inmate to
show that prison officials acted with deliberate indifference to
his serious medical need. See Natale, 318 F.3d at 582 (finding
deliberate indifference requires proof that the official knew of
and disregarded an excessive risk to inmate health or safety).
"Deliberate indifference" is more than mere malpractice or
negligence; it is a state of mind equivalent to reckless
disregard of a known risk of harm. Farmer v. Brennan, 511 U.S.
825, 837-38 (1994).  Furthermore, a prisoner's subjective
dissatisfaction with his medical care does not in itself indicate
deliberate indifference. Andrews v. Camden County, 95 F.Supp.2d
217, 228 (D.N.J. 2000).  Similarly, "mere disagreements over
medical judgment do not state Eighth Amendment claims." White v.
Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow
any attempt to second-guess the propriety or adequacy of a
particular course of treatment ... [which] remains a question of
sound professional judgment." Inmates of Allegheny County Jail
v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation
and citation omitted).  Even if a doctor's judgment concerning
the proper course of a prisoner's treatment ultimately is shown
to be mistaken, at most what would be proved is medical

9

malpractice and not an Eighth Amendment violation.  <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.3d at 110.

Here, while Plaintiff may have alleged facts to suggest that he suffers a serious medical need, he does not satisfy the second prong alleging deliberate indifference.  At best, he alleges that his surgery was improperly executed which resulted in the paralysis of his vocal chords.  He alleges that after raising complaints about his lack of voice, he was seen by at least two other doctors after the surgery to examine his condition.  These allegations amount to nothing more than possible medical negligence.  As stated above, claims of medical negligence or medical malpractice are not actionable under § 1983.

Therefore, the Complaint must be dismissed in its entirety as against defendant St. Francis Medical Center, for failure to state a claim.[2]

## III.  CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable

---

[2] It does not appear that Plaintiff intends to assert diversity jurisdiction, as he does not allege the citizenship of any party.  <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 (5th Cir. 1979) (a plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states"); <u>see also</u> <u>Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.</u>, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction").

that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3]  Plaintiff's request for pro bono counsel is dismissed as moot.

Dated: April 9, 2012

                                    /s/ JOEL A. PISANO
                                    Joel A. Pisano
                                    United States District Judge

---

[3]  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.