**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS COLUMBIE, | : | |
| | : | Civil Action No.   11-6168 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| C.M.S. CORRECTIONAL | : | |
| MEDICAL SERVICES, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**LUIS COLUMBIE**, Plaintiff pro se
#73604/985294A
168 Frontage Road
Newark, N.J. 07114

**PISANO**, District Judge

In an Opinion and Order dated April 9, 2012, this Court granted Plaintiff Luis Columbie's

("Plaintiff") application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered

the Clerk of the Court to file the complaint.   (ECF Nos. 5-6.)

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to

determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is

immune from such relief, the Court dismissed the complaint in its entirety for failure to state a

claim.  (*Id*.)   The Court granted Plaintiff leave to file an amended complaint, and at this time, the

Court must review the amended complaint (ECF No. 9) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted,

or because it seeks monetary relief from a defendant who is immune from such relief.   For the reasons stated below, the Court finds that the complaint should be dismissed at this time.

### I.      BACKGROUND

Plaintiff, incarcerated at Northern State Prison in Newark, New Jersey at the time of filing, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Correctional Medical Services (improperly named as "Correctional Medical Center") ("CMS") and Dr. Janiv K. Shah, a doctor at St. Francis Medical Center.   The following factual allegations are taken from the amended complaint, and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

In approximately 2004, Plaintiff began to experience problems swallowing his food.   He was examined by the prison doctor and told that there might be a problem with his thyroid.   Over the course of the next two years, Plaintiff was seen by several doctors and a variety of medications were prescribed to treat the thyroid issue.   Plaintiff requested that doctors operate on his thyroid, but his request was denied.   On or about April 12, 2006, Dr. Ross ordered that Plaintiff receive "radioactive iodine ablation therapy."   After Dr. Ross changed his treatment, Plaintiff alleges that he began to lose weight rapidly and became very weak.   On April 22, 2009, Plaintiff alleges that his condition deteriorated so badly that he was taken to St. Francis Medical Center where he underwent an operation to remove his thyroid.   As a result of the surgery, Plaintiff's vocal chords were paralyzed.   Plaintiff states that as a result of the complications from surgery, it is very difficult for him to eat solid foods.

Plaintiff alleges that his Eighth and Fourteenth Amendment rights have been violated.   He is seeking declaratory, injunctive and monetary relief.

## II.     DISCUSSION

### A.     Legal Standard

#### 1.     Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.   The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).   The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   FED.R.CIV.P. 8(a)(2).   Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing

3

*Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.   *See Iqbal*, 556 U.S. 677-679.   *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).   "A complaint must do more than allege the plaintiff's entitlement to relief.   A complaint has to 'show' such an entitlement with its facts."   *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## 2.    Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B.    Analysis

The allegations in the Complaint suggest that Plaintiff is asserting an Eighth Amendment denial of medical care claim against Dr. Janiv K. Shah and CMS.[1]

---

[1] It does not appear that Plaintiff intends to assert diversity jurisdiction, as he does not allege the

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999); *Afdahl v. Cancellieri*, 2012 WL 593275 (3d Cir. February 24, 2012). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to

---

citizenship of any party. *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (a plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states"); *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction").

inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110.

Here, assuming without deciding that Plaintiff has established a serious medical need, he does not satisfy the second prong alleging deliberate indifference. He identifies multiple instances that he was seen by doctors to address his thyroid issue. There were several different courses of treatment ordered by the CMS doctors, which were altered when they did not sufficiently help Plaintiff's condition. Plaintiff's desire to proceed with surgery sooner than recommended by doctors does not suffice to state a claim. *See Inmates of Allegheny County Jail*, 612 F.2d at 762. With regard to Dr. Shah, at best he alleges that his surgery was improperly executed which resulted in the paralysis of his vocal chords. These allegations amount to nothing more than possible medical negligence. As stated above, claims of medical negligence or medical malpractice are not actionable under § 1983.

6

Therefore, the Amended Complaint must be dismissed in its entirety for failure to state a claim.[2]

### III.    CONCLUSION

For the reasons stated above, the amended complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).   However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[3]

Dated: February 28, 2013

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

---

[2] The Court further notes that it appears that Plaintiff's claims may be barred by the statute of limitations.   Plaintiff was aware of the complications from his surgery in April 2009 when the surgery was performed and he was aware of all other alleged violations well before that.   The statute of limitations applicable to Plaintiff's claims is two years. N.J.S.A. 2A:14–2(a) ("[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued"); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("state law provides the statute of limitations applicable to a section 1983 claim").   As such, his complaint, filed in October 2011, would appear to be time-barred.

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."   6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.   *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.   *Id.*